**Fill in this information to identify the case:**

United States Bankruptcy Court for the:
__Southern__ District of __Texas__
                         (State)

Case number (If known): _____  Chapter __11__

☐ Check if this is an amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy     04/19

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Echo Energy Partners I, LLC |
| 2. | **All other names debtor used in the last 8 years** Include any assumed names, trade names, and *doing business as* names | N/A |
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 82-3745689 |

4. **Debtor's address**

   **Principal place of business**
   909 Fannin Street
   Number      Street
   Suite 4000
   Houston    TX    77010
   City       State  ZIP Code

   Harris County
   County

   **Mailing address, if different from principal place of business**
   _____
   Number    Street
   _____
   P.O. Box
   _____
   City    State    ZIP Code

   **Location of principal assets, if different from principal place of business**
   Various counties, Oklahoma
   Number    Street
   _____
   _____
   City    State    ZIP Code

5. **Debtor's website (URL)**    https://www.echoenergy.com/

6. **Type of debtor**
   ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))
   ☐ Partnership (excluding LLP)
   ☐ Other. Specify: _____

---

Debtor  Echo Energy Partners I, LLC    Case number (*if known*)_____
        Name

**7. Describe debtor's business**

A. *Check one:*

❑ Health Care Business (as defined in 11 U.S.C. § 101(27A))
❑ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
❑ Railroad (as defined in 11 U.S.C. § 101(44))
❑ Stockbroker (as defined in 11 U.S.C. § 101(53A))
❑ Commodity Broker (as defined in 11 U.S.C. § 101(6))
❑ Clearing Bank (as defined in 11 U.S.C. § 781(3))
❑ None of the above

B. *Check all that apply:*

❑ Tax-exempt entity (as described in 26 U.S.C. § 501)
❑ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)
❑ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

2 1 1 1

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

❑ Chapter 7
❑ Chapter 9
☒ Chapter 11. *Check all that apply*:

  ❑ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

  ❑ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ❑ A plan is being filed with this petition.

  ❑ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ❑ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ❑ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

❑ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
❑ Yes.  District _____  When _____  Case number _____
                                        MM / DD / YYYY
        District _____  When _____  Case number _____
                                        MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☒ No
❑ Yes.  Debtor _____  Relationship _____
        District _____  When _____
                                                        MM / DD / YYYY
        Case number, if known _____

Official Form 201        Voluntary Petition for Non-Individuals Filing for Bankruptcy        page **2**

Debtor  **Echo Energy Partners I, LLC**   Case number (*if known*)_____
        Name

---

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                         Number        Street

_____

_____
City                                      State      ZIP Code

**Is the property insured?**

☐ No
☐ Yes. Insurance agency _____
         Contact name    _____
         Phone           _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*
☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49           ☐ 1,000-5,000      ☐ 25,001-50,000
☒ 50-99          ☐ 5,001-10,000     ☐ 50,001-100,000
☐ 100-199        ☐ 10,001-25,000    ☐ More than 100,000
☐ 200-999

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☒ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

Debtor  **Echo Energy Partners I, LLC**  Case number (*if known*)_____
         Name

**16. Estimated liabilities**

- ☐ $0-$50,000
- ☐ $50,001-$100,000
- ☐ $100,001-$500,000
- ☐ $500,001-$1 million
- ☐ $1,000,001-$10 million
- ☐ $10,000,001-$50 million
- ☐ $50,000,001-$100 million
- ☒ $100,000,001-$500 million
- ☐ $500,000,001-$1 billion
- ☐ $1,000,000,001-$10 billion
- ☐ $10,000,000,001-$50 billion
- ☐ More than $50 billion

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

- ■ The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.
- ■ I have been authorized to file this petition on behalf of the debtor.
- ■ I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **03/24/2020**
             MM / DD / YYYY

✗ _[signature]_                                          **John T. Young, Jr.**
Signature of authorized representative of debtor         Printed name

Title  **Manager**

**18. Signature of attorney**

✗  **/s/ William A. (Trey) Wood III**                    Date  **03/24/2020**
Signature of attorney for debtor                               MM / DD / YYYY

**William A. (Trey) Wood III**
Printed name

**Bracewell LLP**
Firm name

**711 Louisiana St., Suite 2300**
Number    Street

**Houston**                                              **TX**       **77002**
City                                                     State        ZIP Code

**713.221.2300**                                         **Trey.Wood@Bracewell.com**
Contact phone                                            Email address

**21916050**                                             **TX**
Bar number                                               State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

# UNANIMOUS WRITTEN CONSENT

## OF THE

## BOARD OF MANAGERS

## OF

## ECHO ENERGY PARTNERS I, LLC

The undersigned, being all of the managers on the Board of Managers (the "Board") of Echo Energy Partners I, LLC, a Delaware limited liability company (the "Company"), and, being entitled to vote upon the approval of the resolutions attached hereto as Exhibit A (the "Resolutions"), hereby consent to the adoption of the Resolutions without a meeting of the Board to have the same force and effect as if approved by unanimous vote at a formal meeting of the Board duly called and held for the purpose of approving the Resolutions.

IN WITNESS WHEREOF, the undersigned managers of the Company have executed this Written Consent as of March 24, 2020.

_____
John T. Young, Jr.

#6125138.3

**Exhibit A**

RESOLUTIONS OF THE BOARD OF MANAGERS OF
ECHO ENERGY PARTNERS I, LLC

March 24, 2020

**CHAPTER 11 FILING**

WHEREAS, the Board of Managers (the "Board") has reviewed and discussed the financial and operational condition of Echo Energy Partners I, LLC, a Delaware limited liability company (the "Company") and the Company's business on the date hereof, including the current and historical performance of the Company, the assets and liquidity of the Company, the current long-term liabilities of the Company, the market for the Company's services, and credit market conditions; and

WHEREAS, the Board has received, reviewed, and discussed the recommendations of senior management of the Company and the Company's legal, financial, and other advisors as to the relative risks and benefits of the strategic alternatives available to the Company, including pursuing a bankruptcy proceeding under the provisions of Title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, after review and discussion and due consideration of all of the information presented to the Board, the Board deems it advisable and in the best interests of the Company, including without limitation, its creditors, employees, stockholders and other investors, stakeholders and other interested parties, for the Company to file a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

NOW, THEREFORE, BE IT, RESOLVED, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition, and the voluntary petitions to be filed by the Company's affiliates, collectively, the "Chapter 11 Case") under the provisions of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court"); and

RESOLVED, that the Board or any designee or agent thereof, including John T. Young, Jr. (collectively, the "Authorized Persons"), acting alone or with one or more other Authorized Persons be, and hereby is, authorized, empowered and directed to execute and file on behalf of the Company all petitions, schedules, lists and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business; and

**DEBTOR IN POSSESSION FINANCING**

RESOLVED, that the forms, terms and provisions of debtor in possession financing to fund, among other things, postpetition operating expenses and expenses of administration of the

Chapter 11 Case, in substantially the form summarized for the Board, be, and the same hereby are in all respects approved, and each of the Authorized Persons is hereby authorized and empowered, in the name of and on behalf of the Company, to execute a debtor in possession credit agreement (such executed agreement, the "DIP Credit Agreement") to which the Company or its subsidiaries are parties, each in the form as the Authorized Person executing the same shall approve, such approval to be conclusively evidenced by his or her execution and delivery thereof, and;

RESOLVED, that the Company, as debtor and debtor in possession under the Bankruptcy Code shall be, and hereby are, authorized to incur all obligations incurred under the DIP Credit Agreement (the "DIP Obligations") and undertake any and all related transactions contemplated thereby (collectively, the "Financing Transactions"); and

RESOLVED, that any Authorized Person as designated by the Board, hereby is authorized, directed and empowered from time to time in the name and on behalf of the Company to take any and all such actions, and to execute and deliver or cause to be executed and delivered under seal of the Company or its subsidiaries or otherwise, any and all such other documents, agreements, certificates, writings and instruments to be delivered in connection with the DIP Credit Agreement (including, without limitation, any amendments, supplements, or modifications to the DIP Credit Agreement and such other documents, agreements, certificates, writings and instruments to be delivered in connection therewith), and to grant the security interests in or liens on any real or personal property of the Company or its subsidiaries now or hereafter acquired as contemplated in the DIP Credit Agreement, with full authority to endorse, assign, or guarantee any of the foregoing in the name of the Company or its subsidiaries in each case, as any such Authorized Person may deem necessary or advisable to carry out the intent and purposes of the immediately foregoing resolution, and his or her execution and delivery therefore to be conclusive evidence that he or she deems is necessary or advisable, his or her execution and delivery thereof to be conclusive evidence of his or her authority, to so act and his or her approval thereof; and

RESOLVED, that any Authorized Person as designed by the Board be, and hereby is, authorized and directed, and each of them, acting alone, hereby is, authorized, directed, and empowered in the name of, and on behalf of, the Company, as debtor and debtor in possession, to take such actions and execute and deliver (a) a 13-week cash flow budget; (b) the DIP Credit Agreement and such agreements, certificates, instruments, guaranties, notices and any and all other documents as such Authorized Persons may deem necessary and appropriate to facilitate the financing transactions thereunder (collectively, the "Financing Documents"); (c) such other instruments, certificates, notices, assignments and documents as may be reasonably requested by the lenders to the DIP Credit Agreement (collectively, the "DIP Lenders"); and (d) such forms of deposit account control agreements and other agreements with third parties relating to the collateral (including without limitation, bank agency agreements, lockbox agreements, cash management agreements, landlord agreements and warehouse waivers), officer's certificates and compliance certificates as may be required by the DIP Credit Agreement or any other Financing Document; and

-3-

RESOLVED, that any Authorized Person as designated by the Board, be, and each of them hereby is, authorized and empowered to authorize the DIP Lenders to file any Uniform Commercial Code (the "UCC") financing statements and any necessary assignments for security or other documents in the name of the Company that any DIP Lender deems necessary or convenient to perfect any lien or security interest granted under the DIP Credit Agreement, including any such UCC financing statement containing a broad or general description of collateral, such as "all assets," "all property now or hereafter acquired" and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Company and such other filings in respect of intellectual and other property of the Company, in each case as the DIP Lenders may reasonably request to perfect the security interests of the DIP Lenders under the DIP Credit Agreement; and

RESOLVED, that any Authorized Person as designated by the Board, be, and hereby is, authorized and empowered to take all such further actions including, without limitation, to pay all fees and expenses in accordance with the terms of the Financing Documents, which shall in their sole judgment be necessary, proper or advisable to perform the Company's and its subsidiaries' obligations under or in connection with the DIP Credit Agreement or any of the other Financing Documents and the transactions contemplated therein and to carry out fully the intent of the foregoing resolutions; and

RESOLVED, that any Authorized Person as designated by the Board, be, and hereby is, authorized and empowered to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions and extensions of the DIP Credit Agreement or any of the Financing Documents which shall in his or her sole judgment be necessary, proper or advisable.

**RETENTION OF PROFESSIONALS**

RESOLVED, that each of the Authorized Persons be, and hereby is, authorized and directed to employ the law firm of Bracewell LLP as general bankruptcy counsel to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Bracewell LLP; and

RESOLVED, that each of the Authorized Persons be, and hereby is, authorized and directed to employ the firm of Opportune LLP, as financial advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons is, with power of delegation, hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Opportune LLP; and

RESOLVED, that each of the Authorized Persons be, and hereby is, authorized and directed to employ the firm of Stretto ("Notice Agent") as notice, claims, and balloting agent and as administrative advisor to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of Notice Agent; and

RESOLVED, that each of the Authorized Persons be, and hereby is, authorized and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, each of the Authorized Persons, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary; and

RESOLVED, that each of the Authorized Persons be, and hereby is, with power of delegation, authorized, empowered and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professionals and to take and perform any and all further acts and deeds that each of the Authorized Persons deem necessary, proper, or desirable in connection with the Company's chapter 11 case, with a view to the successful prosecution of such case; and

**GENERAL**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such officer's or officers' judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED, that Board has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waive any right to have received such notice; and

RESOLVED, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of the Board; and

-5-

#6125138.3

RESOLVED, that each of the Authorized Persons (and their designees and delegates) be and hereby is authorized and empowered to take all actions or to not take any action in the name of the Company with respect to the transactions contemplated by these resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of the Company, in each case, as such Authorized Person shall deem necessary or desirable in such Authorized Persons' reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.

**Fill in this information to identify the case:**

Debtor name  __Echo Energy Partners I, LLC__

United States Bankruptcy Court for the: __Southern__ District of __Texas__
(State)

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider,* as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim  If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | | | | | | | |
| 2 | | | | | | | |
| 3 | | | | | | | |
| 4 | | | | | | | |
| 5 | | | | | | | |
| 6 | | | | | | | |
| 7 | | | | | | | |
| 8 | | | | | | | |

Debtor Echo Energy Partners I, LLC Case number (if known)
Name

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 9 | Acacia Energy Partners LLC<br>909 Lake Carolyn Parkway<br>Suite 1500<br>Irving, TX 75039 | Clayton Flurry<br>flurry@acaciaep.com | Joint Interest Billings | unliquidated | | | 61,090 |
| 10 | Citation Oil and Gas Corp<br>14077 Cutten Road<br>Houston, TX 77069 | Matthew Thompson<br>mthompson@cogc.com | Joint Interest Billings | unliquidated | | | 58,556 |
| 11 | Roan Resources LLC<br>14701 Hertz Quail Springs Parkway<br>Oklahoma City, OK 73134 | Curtis Johnson<br>curtis@ce2ok.com | Joint Interest Billings | unliquidated | | | 55,435 |
| 12 | BP America Production Company<br>PO Box 848155<br>Dallas, TX 75284 | Wender Moreno<br>wender.moreno1@bp.com | Joint Interest Billings | unliquidated | | | 47,938 |
| 13 | Cimarex Energy Company<br>4023 Solutions Center<br>#774023<br>Chicago, IL 60677 | Kevin Smith<br>KSmith@cimarex.com | Joint Interest Billings | unliquidated | | | 40,762 |
| 14 | Lime Rock Resources Operating Company<br>1111 Bagby Street, Suite 4600<br>Houston, TX 77002 | Melissa Bell<br>mbell@limerockresources.com | Joint Interest Billings | unliquidated | | | 33,069 |
| 15 | Citizen Energy III LLC<br>320 S Boston Ave<br>Ste 900<br>Tulsa, OK 74103 | Curtis Johnson<br>curtis@ce2ok.com | Joint Interest Billings | unliquidated | | | 30,493 |
| 16 | Red Rocks Oil & Gas Operating LLC<br>1321 N. Robinson Avenue<br>Oklahoma City, OK 73103 | Randy Stalcup<br>stalcup@redrocksresources.com | Joint Interest Billings | unliquidated | | | 21,114 |
| 17 | Casillas Operating LLC<br>PO Box 3668<br>Tulsa, OK 74101 | Zach Malchi<br>zmalchi@casillaspetro.com | Joint Interest Billings | unliquidated | | | 20,746 |
| 18 | Alta Mesa Services LP<br>15021 Katy Freeway<br>Suite 400<br>Houston, TX 77094 | Janie Daniel<br>jdaniel@altamesa.net | Joint Interest Billings | unliquidated | | | 19,503 |
| 19 | Chesapeake Energy Corporation<br>PO Box 207295<br>Dallas, TX 75320-7295 | Michael Lovelace<br>michael.lovelace@chk.com | Joint Interest Billings | unliquidated | | | 10,975 |
| 20 | XTO Energy Inc.<br>PO Box 840791<br>Dallas, TX 75284-0791 | Noele Fischer<br>noele_fischer@xtoenergy.com | Joint Interest Billings | unliquidated | | | 10,405 |

Debtor Echo Energy Partners I, LLC
Name

Case number (if known)

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 21 | Paloma Partners IV LLC<br>1100 Louisiana Street<br>Suite 5100<br>Houston, TX 77002 | Lynn Graves<br>lgraves@palomaresources.com | Joint Interest Billings | unliquidated | | | 7,008 |
| 22 | Red Bluff Resources Operating LLC<br>3030 N.W. Expressway<br>Suite 650<br>Oklahoma City, OK 73112 | Andrew Jennings<br>ajennings@rbluff.com | Joint Interest Billings | unliquidated | | | 3,950 |
| 23 | Chaparral Energy LLC<br>701 Cedar Lake Blvd.<br>Oklahoma City, OK 80202 | Matt Murphy<br>matt.murphy@chaparralenergy.com | Joint Interest Billings | unliquidated | | | 2,283 |
| 24 | Red Wolf Operating LLC<br>801 Covell Rd<br>Edmond, OK 73003 | Jay Buckley<br>jbuckley@red-wolf.com | Joint Interest Billings | unliquidated | | | 1,814 |
| 25 | Jones Energy LLC<br>807 Las Cimas Parkway<br>Suite 350 | Scott Van Sickle<br>scottv@revolutionresources.com | Joint Interest Billings | unliquidated | | | 1,743 |
| 26 | Gaedeke Oil & Gas Operating LLC<br>3710 Rawlins Street<br>Suite 1100<br>Dallas, TX 75219 | Brenda Loftis<br>bloftis@gaedeke.com | Joint Interest Billings | unliquidated | | | 1,698 |
| 27 | TRP Operating LLC<br>1111 Louisiana Street<br>Suite 4550<br>Houston, TX 77002 | Joey Bernica<br>jbernica@trpenergy.com | Joint Interest Billings | unliquidated | | | 1,675 |
| 28 | Apache Corporation<br>2000 Post Oak Blvd.<br>Suite 100<br>Houston, TX 77056 | Jay Buckley<br>jbuckley@red-wolf.com | Joint Interest Billings | unliquidated | | | 1,645 |
| 29 | Unit Petroleum Company<br>PO Box 702500<br>Tulsa, OK 74170 | Jon Strickler<br>jon.strickler@unitcorp.com | Joint Interest Billings | unliquidated | | | 1,050 |
| 30 | Continental Resources Inc.<br>PO Box 952724<br>St. Louis, MO 63195 | Brooks Richardson<br>brooks.richardson@clr.com | Joint Interest Billings | unliquidated | | | Unknown |
| 31 | | | | | | | |
| 32 | | | | | | | |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| **In re:** ) | **Chapter 11** |
| ) | |
| **ECHO ENERGY PARTNERS I, LLC** ) | **Case No. 20-[        ] (   )** |
| ) | |
| **Debtor.** ) | |

**CONSOLIDATED LIST OF CREDITORS**
**HOLDING THE 30 LARGEST UNSECURED CLAIMS**

      The above-captioned debtor and debtor in possession (collectively, the "Debtor") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code. The following is the consolidated list of the Debtor's creditors holding the 30 largest unsecured claims (the "Consolidated List") based on the Debtor's books and records as of approximately March 24, 2020. The Consolidated List is prepared in accordance with Rule 1007(d) of the Federal Rules of Bankruptcy Procedure for filing in this chapter 11 case. The Consolidated List does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101(31) or (2) secured creditors. None of these creditors are minor children. The information contained herein shall neither constitute an admission of liability by, nor is it binding on, the Debtor. The information herein, including the failure of the Debtor to list any claim as contingent, unliquidated, or disputed, does not constitute a waiver of the Debtor's right to contest the validity, priority, or amount of any claim.

#6143400.1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **ECHO ENERGY PARTNERS I, LLC.** | ) | Case No. 20-[          ] ( ) |
| | ) | |
| **Debtor.** | ) | |

**DECLARATION CONCERNING CONSOLIDATED LIST**
**OF CREDITORS HOLDING THE 30 LARGEST UNSECURED CLAIMS**

I, John T. Young, Jr., Manager of Echo Energy Partners I, LLC, the above-captioned debtor and debtor in possession, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing *Consolidated List of Creditors Holding the 30 Largest Unsecured Claims* submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: March 24, 2020

_____
John T. Young, Jr.
Manager, Echo Energy Partners I, LLC

#6143400.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **ECHO ENERGY PARTNERS I, LLC** | ) | Case No. 20-[          ] |
| | ) | |
| **Debtor.** | ) | |

## LIST OF EQUITY SECURITY HOLDERS OF <u>ECHO ENERGY PARTNERS I, LLC</u>

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(3), the following is a list of the Debtor's equity security holders of each class showing the number and kind of interest:

| EQUITY HOLDER | ADDRESS OF EQUITY HOLDER | PERCENTAGE HELD |
|---|---|---|
| Echo Investment Partners, LLC, as sole member | Echo Investment Partners, LLC Attention: John T. Young, Jr. 909 Fannin Street, Suite 4000 Houston, Texas 77010 | 100% limited liability company interest |

#6123735

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **ECHO ENERGY PARTNERS I, LLC** | ) | **Case No. 20-[          ]** |
| | ) | |
| **Debtor.** | ) | |

## CORPORATE OWNERSHIP STATEMENT OF ECHO ENERGY PARTNERS I, LLC

Pursuant to Federal Rule of Bankruptcy Procedure 1007(a)(1), the following are corporations, other than a governmental unit, that directly or indirectly own 10% or more of any class of Echo Energy Partners I, LLC equity interests.

| Entity | Owner(s) | Ownership Percentage |
|---|---|---|
| Echo Energy Partners I, LLC | Echo Investment Partners, LLC | 100% limited liability company interest |
| Echo Investment Partners, LLC | CWC Holdings, LLC; Cartesian Equity Management, LLC; Southern Echo, LLC | 73% / 13% / 14% limited liability company interest, respectively |

[*Remainder of page intentionally left blank*]

#6123734

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| **ECHO ENERGY PARTNERS I, LLC** | ) Case No. 20-[        ] |
| | ) |
| **Debtor.** | ) |

## DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT OF ECHO ENERGY PARTNERS I, LLC

I, John T. Young, Jr., Manager of Echo Energy Partners I, LLC, the above-captioned debtor and debtor in possession, declare under penalty of perjury under the laws of the United States of America that I have reviewed the foregoing *Corporate Ownership Statement of Echo Energy Partners I, LLC* submitted herewith and that the information contained therein is true and correct to the best of my information and belief.

Dated: March 24, 2020

John T. Young, Jr.
Manager, Echo Energy Partners I, LLC

2

#6123734