# Exhibit 1 to Witness & Exhibit List

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| | § | **Case No. 20-31920 (DRJ)** |
| **ECHO ENERGY PARTNERS I, LLC** | § | |
| | § | |
| Debtor. | § | |
| | § | |

**DECLARATION OF GREGG LASWELL IN SUPPORT OF DEBTOR'S EXPEDITED MOTION FOR (A) ENTRY OF AN ORDER (I) APPROVING BIDDING PROCEDURES; (II) APPROVING PROCEDURES FOR THE ASSUMPTION AND ASSIGNMENT OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES; (III) SCHEDULING BIDDING DEADLINE, AUCTION DATE, AND SALE HEARING DATE; (IV) APPROVING FORM AND NOTICE THEREOF; (B) ENTRY OF AN ORDER AFTER THE SALE HEARING (I) AUTHORIZING THE DEBTOR TO SELL ITS ASSETS; AND (II) AUTHORIZING THE DEBTOR TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES; AND (C) APPROVAL OF RELATED RELIEF**

I, Gregg Laswell, state as follows:

### I. INTRODUCTION

1. I am the proposed Chief Restructuring Officer of Echo Energy Partners I, LLC, the debtor and debtor in possession (the "Debtor"). I am familiar with the Debtor's day-to-day operations, business affairs, books and records. The Debtor has submitted a motion seeking court approval to retain Opportune, LLP as restructuring advisor, Opportune Partners LLC as Sell-Side Advisors, and for my appointment as Chief Restructuring Officer [Dkt. No. 59].

2. I submit this declaration (the "Declaration") to assist the Court and other parties-in-interest in support of the Debtor's Motion for (a) entry of an order, substantially in the form filed herewith, (i) approving bidding procedures, (ii) approving procedures for the assumption and assignment of executory contracts and unexpired leases, (iii) scheduling bidding deadline, auction date, and sale hearing date; (iv) approving form and notice thereof; (b) entry of an order after the

sale hearing (i) authorizing the Debtor to sell substantially all of its assets (the "Assets") to the Successful Bidder (as defined below) free and clear of liens, claims and encumbrances, and (ii) authorizing the Debtor to assume and assign certain executory contracts and unexpired leases; and (c) approval of related relief (the "Sale Motion").[1]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge, my discussions with other members of the Debtor's management and the Debtor's other advisors, my review of relevant documents, or my opinion based upon my experience and knowledge of the Debtor's operations and financial condition. If I were called to testify, I would testify competently to the facts set forth in this Declaration. I am authorized to submit this Declaration on behalf of the Debtor.

## II. BACKGROUND

4. On March 24, 2020 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor is a Delaware limited liability company that owns certain non-operated oil and gas interests and related assets. Echo Investment Partners, LLC ("EIP") is the sole member of the Debtor. The Debtor is managed by a board of managers, which consists of one manager– John T. Young, Jr. The Debtor has no employees. Non-affiliated operators (collectively, the "Third-Party Operators") manage the majority of the wells in which the Debtor owns an interest. The Debtor also engages two affiliates to assist in operating the oil and gas properties for which the Debtor is named the operator. Echo E&P, LLC ("Echo E&P") provides contract operations for roughly 50 of the Debtor's wells, and personnel-manager Echo Energy, LLC ("Echo Energy," together with Echo E&P, the "Affiliated Operators") provides staffing services. The Third-Party

---

[1] Any capitalized term not expressly defined herein shall have the meaning ascribed to that term in the Sale Motion.

-3-

Operators and the Affiliated Operators manage all of the Debtor's obligations related to royalty owners, taxes, insurance, and other business necessities.

6. A full description of the Debtor's business, corporate structure, prepetition indebtedness, and events leading to this chapter 11 case is set forth in the *Declaration of Gregg Laswell, Proposed Chief Restructuring Officer of Debtor, in Support of Chapter 11 Petition and First Day Pleadings* (the "First Day Declaration").

7. The Debtor is a borrower under that certain Credit Agreement (together with related loan documents and as amended, restated, modified or supplemented, the "Pre-Petition Credit Agreement") with certain lenders party thereto and Texas Capital Bank ("TCB"), as Administrative Agent and L/C Issuer (the "Pre-Petition Agent"), and TCB, as Sole Lead Arranger and Sole Book Runner, dated January 19, 2018. There have been two amendments to the Pre-Petition Credit Agreement. The First Amendment to the Pre-Petition Credit Agreement was effective on July 15, 2018. The Second Amendment to the Pre-Petition Credit Agreement was effective on November 2, 2018. In connection with the Pre-Petition Credit Agreement, the Debtor, on January 19, 2018, executed that certain Note in favor of the Pre-Petition Agent. The Pre-Petition Credit Agreement provides for revolving loans of up to a total of $250 million and letters of credit of up to a total of the greater of $5 million and the borrowing base thereunder, which limits availability under the Pre-Petition Credit Agreement. As of the Petition Date, the borrowing base was $80 million, and at least $80 million in loans and advances were outstanding. Prior to the Petition Date, the Debtor was in default under the Pre-Petition Credit Agreement and on March 13, 2020, the Pre-Petition Agent notified the Debtor of existing and continuing defaults and acceleration of all amounts due and owing.

-4-

8. On April 2, 2020, the Debtor filed a motion seeking access to a total of $8.5 million in post-petition financing (the "DIP Facility") from Texas Capital Bank, N.A., as lender, and as administrative agent and collateral agent for the Post-Petition Lenders (the "Post-Petition Agent" and, in conjunction with its role as Pre-Petition Agent, the "Agent"), and MidFirst Bank (together with the Post-Petition Agent, the "Post-Petition Lenders") [Dkt. No. 22]. The DIP Facility contemplates a sale of substantially all of the Debtor's assets. The Court entered an Interim Order authorizing this secured post-petition financing on April 13, 2020 (the "Interim Cash Collateral Order"). [Dkt. No. 62].

9. The Debtor first engaged Opportune LLC ("Opportune") in February 2020 in an attempt to restructure the Debtor's business. As part of this effort, Opportune thoroughly canvassed lenders in an attempt to secure additional liquidity. While indications of interest were received, none were on terms acceptable to all parties. Because the Debtor could not obtain adequate post-petition financing to facilitate a successful restructuring, the Debtor has instructed Opportune, through its subsidiary Opportune Partners LLC ("Opportune Partners"), to commence a divestiture marketing process in chapter 11. The Debtor has filed a separate motion seeking the retention of Opportune Partners as, among other things, the Debtor's sell-side advisor. [Dkt. No. 59].

10. Opportune Partners has begun the process of marketing the Debtor's assets to potential buyers. The Debtor has set up a data room with all necessary information for a potential purchaser to evaluate a purchase of all or substantially all of the Debtor's assets. Additionally, the Debtor has circulated a summary offering memorandum to prospective bidders. The Debtor has met and will continue to meet the deadlines set forth in the Interim Cash Collateral Order.

### III.  BIDDING PROCEDURES

11. In connection with the sale of its Assets, the Debtor seeks approval of the Bidding Procedures described within the Sale Motion. The proposed procedures are designed to maximize the value received by facilitating a competitive bidding process in which all Potential Bidders are encouraged to submit competing bids, while taking into consideration the financial exigencies facing the Debtor. Furthermore, the Bidding Procedures ensure that the Debtor will undertake a marketing and sales process designed to obtain the highest and best offer for the Assets, thereby maximizing value for the Debtor's estate.

12. The Bidding Procedures contemplate the following schedule:

- <u>Bid Deadline</u>: June 11, 2020, as the last date by which any potential purchaser may deliver its Bid by email to counsel for the Debtor and the Agent.

- <u>Auction Date</u>: June 15, 2020 as the date that the Auction, if one is needed, will be held at the offices of Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002, or at another location as may be timely disclosed by the Debtor to Qualified Bidders.

- <u>Sale Hearing</u>: June 18, 2020, at a time to be determined by the Court, or as soon thereafter as the Court's calendar permits, to consider approval of the Sale.

13. I believe that the time periods set forth in the Bidding Procedures are fair, reasonable, and appropriate. The deadlines in the Bidding Procedures allow the Debtor to maximize the return from the sale of the Debtor's assets. Additionally, the timeline contemplated by the Bidding Procedures provides the Debtor with an opportunity to critically consider all competing offers and thereby select the best offer for completion of the Sale.

14. Accordingly, the Debtor requests approval of the procedures contained within the Sale Motion so that the Debtor is able to conduct the Sale process in a manner that will ensure that the consideration paid for the Assets will be fair, reasonable, and in the best interest of the Debtor's estate and its creditors.

-6-

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 21, 2020

                                                  Respectfully submitted,

*/s/ Gregg Laswell*
Gregg Laswell
Proposed CRO of the Debtor and
Debtor-in-Possession

-7-

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on April 21, 2020, a true and correct copy of this document was served by electronic means as listed on the Court's ECF noticing system.

*/s/ William A. (Trey) Wood III*
William A. (Trey) Wood III

#6159289.2