# Exhibit 6 to Witness & Exhibit List

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **ECHO ENERGY PARTNERS I, LLC** | ) | **Case No. 20-31920 (DRJ)** |
| | ) | |
| **Debtor.** | ) | |

**NOTICE OF FILING REDLINE OF BIDDING PROCEDURES**
(Relates to Docket No. 47)

Attached hereto as **Exhibit 1** is a redline of the Bidding Procedures attached as **Exhibit A** to the Proposed Order Approving Bidding Procedures; Approving Procedures for the Assumption and Assignment of Contracts and Leases; Scheduling Bidding Deadline, Auction Date, and Sale hearing Date; and Approving Form and Notice Thereof ("the Proposed Order"), originally filed at Docket No. 47. Attached hereto as **Exhibit 2** is a clean copy of the Proposed Order with the revised exhibits attached.

Respectfully Submitted,

**BRACEWELL LLP**

By: */s/ William A. (Trey) Wood III*
William A. (Trey) Wood III
Texas Bar No. 21916050
Trey.Wood@bracewell.com
Jason G. Cohen
Texas Bar No. 24050435
Jason.Cohen@bracewell.com
711 Louisiana, Suite 2300
Houston, Texas 77002
Telephone: (713) 223-2300
Facsimile: (713) 221-1212

**PROPOSED COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on April 21, 2020, a true and correct copy of this document was served by electronic means as listed on the Court's ECF noticing system.

<em>/s/ William A. (Trey) Wood III</em>

William A. (Trey) Wood III

**Exhibit A**
**Bidding Procedures**

## ECHO ENERGY PARTNERS I, LLC – Bidding Procedures

Set forth below are the bid procedures (the "Bidding Procedures") to be employed by Echo Energy Partners I, LLC (the "Debtor") in connection with the sale of the Debtor's Assets, free and clear of liens and interests, pursuant to and in accordance with the terms and conditions specified therein.

On [DATE], the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") entered an order which, among other things (a) approved these Bidding Procedures, (b) approved the form and manner of the sale notice and bidding procedures notice, (c) scheduled a Sale Hearing date, and (d) approved procedures for the assumption and, if necessary, assignment of executory contracts and unexpired leases (the "Bidding Procedures Order").[1]

1.      Key Dates

These Bidding Procedures provide interested parties with the opportunity to complete diligence, to submit competing bids for all or a portion of the Assets, and to participate in an auction to be conducted by the Debtor (the "Auction").

The key dates for the sale process are as follows:

| Thursday, June 11, 2020 | Cure Objection Deadline |
| Thursday, June 11, 2020 | Sale Objection Deadline |
| Thursday, June 11, 2020 | Bid Deadline |
| Monday, June 15, 2020 | Auction |
| Thursday, June 18, 2020 | Sale Hearing |

2.      Property to be Sold

The Debtor shall offer for sale (the "Sale") all of its oil and gas assets, including but not limited to, interests in oil and gas leases, related inventory and equipment, and various personal property (such assets collectively referred to herein as the "Assets").  The Debtor may consider bids for all or less than all of the Assets.

3.      Participation Requirements

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Debtor's Motion for (A) Entry of an Order (I) Approving Bidding Procedures; (II) Scheduling Bidding Deadline, Auction Date, and Sale Hearing Date; (III) Approving Form and Notice thereof; (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtor to Sell Its Assets; and (II) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief (the "Sale Motion").

Any person seeking to conduct due diligence on the Assets and participate in the bidding must become a "Diligence Party."   As a prerequisite to becoming a Diligence Party, any interested party: (a) must deliver an executed confidentiality agreement in form and substance reasonably acceptable to the Debtor in consultation with the Agent;[2] and (b) must be able, as determined by the Debtor in consultation with its financial advisor and the Agent, to consummate a transaction based upon a Qualifying Bid (as defined below).  The Debtor, in consultation with the Agent, reserves the right (i) at any time to require any Diligence Party to provide additional evidence of its ability to consummate a transaction based upon a Qualifying Bid (as defined below), and (ii) to exclude any such Diligence Party from participating further in the auction process as a result of its inability to satisfy such further requirements.   The confidentiality agreements executed by Diligence Parties shall inure to the benefit of the Successful Bidder following the closing of the Sale transaction.

4.    Due Diligence

The Debtor, with the assistance of its financial advisor, Opportune LLC ("Opportune"), shall afford any Diligence Party the time and opportunity to conduct reasonable due diligence. This will include, without limitation, an opportunity for Diligence Parties to inspect the Assets and receive copies of, among other things, all engineering reports regarding reserves, all production reports, all deeds and leases for oil and gas rights and all title opinions and information. The due diligence period shall extend through and include the Bid Deadline (as defined below). The Debtor and its representatives shall not be obligated to furnish any due diligence information after the Bid Deadline.  Diligence inquiries should be made to:

Opportune LLP
711 Louisiana Street, Suite 3100
Houston, TX 77002
Attn: Jim Hansen
jimhansen@opportune.com
713-410-8756

For the avoidance of doubt, the Agent and its advisors shall be provided prompt access to all executed Confidentiality Agreements and due diligence materials, including without limitation any management presentations, on-site inspections, and any other information provided to any Diligence Party that was not previously made available to the Agent.  The Debtor and Opportune shall consult with the Agent and its advisors regarding materials produced in connection with the Sale, including without limitation the form of confidentiality agreement and any marketing materials or information memoranda or "teasers."  In addition, Opportune shall (a) hold weekly Sale update conferences with the Agent and its financial advisors and (b) provide weekly reporting to the Agent's financial advisors, including without limitation (i) a written log containing a summary of Opportune's correspondence (phone, email, etc.) with potential

---

[2] For the avoidance of doubt, parties who have already executed a confidentiality agreement with the Debtor shall not be required to execute a new confidentiality agreement provided that the existing confidentiality agreement is in form and substance acceptable to the Debtor in consultation with the Agent.

interested parties, including Diligence Parties, (ii) a written summary of marketing activity including parties contacted and current status (e.g., parties under Confidentiality Agreements, indications of interest/letters of intent received, parties scheduled for management/advisor presentations, site visits, etc.), and (iii) a written log of diligence activities and status of fulfilling requests.

5. <u>Bid Requirements</u>

The Debtor encourages Qualified Bidders that wish to bid on less than all the Assets to submit a bid(s) on the relevant assets. The Debtor, in consultation with the Agent, may make any modifications to the Bidding Procedures, including the Bid requirements described immediately below, as necessary to accommodate a piecemeal bid they determine is in the best interests of the estate.

To be deemed a "<u>Qualifying Bid</u>," a bid must be received from a Diligence Party by a date no later than the Bid Deadline (as defined below) that satisfies each of the following conditions:

    i.    <u>Purchase Price</u>. Each bid must identify the cash consideration to be paid for relevant Assets ("<u>Purchase Price</u>");

    ii.    <u>Executed Agreement</u>. Each bid must be accompanied by (a) a duly executed asset purchase agreement (the "<u>Modified APA</u>"); and (B) a marked Modified APA reflecting any variations from the "Form APA,"[3] which will be provided to Diligence Parties by the Debtor;

    iii.    <u>Irrevocable</u>. Each bid must expressly provide that (a) the offer reflected in the bid is irrevocable until the conclusion of the Auction, provided that if such party is designated as the Successful Bidder or the Back-up Bidder (each, as defined below) then such offer shall remain open and irrevocable until the closing of the Sale or the Outside Back-up Date as described below and (b) if such party is selected as the Successful Bidder, then such party will take all commercially reasonable steps to consummate the transaction set forth in the Modified APA within 15 days of entry of the Sale Order and satisfaction of the closing conditions (if any) set forth in the Modified APA;

    iv.    <u>Bound to Bid Procedure Terms</u>. Each bid must state that the bidder agrees to be bound by the terms of the Bidding Procedures Order and the Bidding Procedures and otherwise submit to the jurisdiction of the Bankruptcy Court;

---

[3] The Form APA must be in a form reasonably acceptable to the Agent

v.      <u>Proof of Financial Ability to Perform</u>.  Each bid must contain such financial and other information that allows the Debtor and Opportune to make a reasonable determination, in consultation with the Agent, as to the Qualifying Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation, such financial and other information setting forth adequate assurance of future performance.  Without limiting the foregoing, such information must include current financial statements or similar financial information certified to be true and correct as of the date thereof, proof of financing commitments, if needed to close the transaction, contact information for verification of such information, including any financing sources, and any other information reasonably requested by the Debtor necessary to demonstrate that such party has the ability to close the transaction;

vi.      <u>Designation of Contracts and Leases</u>.  Each bid must identify with particularity each and every executory contract and unexpired lease, the assumption and, as applicable, assignment of which is a condition to closing; *provided* that the Modified APA may allow for the Qualifying Bidder to identify additional contracts prior to the closing or at such other date as agreed by the Debtor in consultation with the Agent;

vii.      <u>Regulatory and Third Party Approval</u>.  Each bid must identify each regulatory and third-party approval required for the bidder to consummate the Sale, if any, and the time period within which the bidder expects to receive such regulatory and third-party approvals;

viii.      <u>Disclosure of Identity of Bidder</u>.  Each bid must fully disclose the identity of each entity that will be bidding in the Auction or otherwise participating in connection with such bid, and the complete terms of any such participation;

ix.      <u>Contingencies</u>.  Each bid shall (i) not contain any financing contingencies of any kind; (ii) not contain any conditions to closing other than the conditions precedent identified in the Modified APA; (iii) not contain any due diligence contingency; and (iv) contain evidence that the bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to consummate the Sale, which evidence is reasonably satisfactory to the Debtor in consultation with the Agent;

x.      <u>Authorizations</u>.  Each bid must include written evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and performance of the Modified APA that is acceptable to the Debtor in consultation with the Agent;

#6159988

      xi.      <u>No Break-Up Fees</u>.  No bid may request or entitle the bidder to any break-up fee, expense reimbursement, termination fee or similar type of payment or bid protection; and

      xii.      <u>Good Faith Deposit</u>.  Each bid must be accompanied by a purchase deposit equal to or greater than 10% of the total Purchase Price.

A competing bid meeting the above requirements shall constitute a "Qualifying Bid" and the party submitting such bid shall constitute a "Qualifying Bidder."  The Debtor, in consultation with the Agent, shall make a determination regarding whether a bid is a Qualifying Bid and shall notify bidders whether their bids have been determined to be qualified by no later than **4:00 p.m. (Prevailing Central Time) on June 12, 2020**.  For the avoidance of doubt, the Agent (or its designee), on behalf of the Agent, shall be deemed a Qualifying Bidder for purposes of these Bidding Procedures, and any credit bid complying with the provisions set forth in the section entitled "Credit Bidding" herein shall be deemed a Qualifying Bid for all purposes in connection with the Bidding Procedures, the Auction and the Sale.

The Debtor, in consultation with the Agent, reserves the right (i) at any time to require any bidder previously determined to be a Qualified Bidder to provide additional evidence of its ability to consummate a transaction based upon a Qualifying Bid in order to remain a Qualified Bidder, and (ii) to exclude any bidder from participating further in the auction process as a result of its inability to satisfy such further requirements to remain a Qualified Bidder.

Persons who collectively are referred to as a "Qualifying Bidder" need not be affiliates and need not act in concert with one another, and the Debtor, in consultation with the Agent, may aggregate separate bids from unaffiliated persons to create one "bid" from a "Qualifying Bidder"; provided, however, that all bidders shall remain subject to the provisions of Bankruptcy Code section 363(n) regarding collusive bidding. Nothing contained herein shall prevent the consideration of bids for less than all Assets, and the Debtor, with the consent of the Agent, may make any modifications to the Bidding Procedures as necessary to accommodate such a bid as they determine is in the best interests of the estate.

      6.      <u>Bid Deadline</u>

A Qualifying Bidder that desires to make a bid shall deliver a written or electronic copy of its bid to: (i) counsel to the Debtor, Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002 (Attn: William A. (Trey) Wood III, email: Trey.Wood@bracewell.com and Jason G. Cohen, email: Jason.Cohen@bracewell.com) and (ii) counsel to the Agent, Winstead PC, 500 Winstead Building, 2728 N. Harwood Street, Dallas, TX 75201 (Attn: Joseph Wielebinski, email: jwielebinski@winstead.com and Annmarie Chiarello <u>email: achiarello@winstead.com</u>) (collectively, the "<u>Notice Parties</u>") so as to be received by a date **no later than 4:00 p.m. (Prevailing Central Time) on June 11, 2020 (the "<u>Bid Deadline</u>")**.

The Bid Deadline may be changed without further order of the Bankruptcy Court upon the agreement of the Debtor and the Agent.

7.      <u>Evaluation of Qualifying Bids</u>

At least 48 hours prior to the Auction, the Debtor shall determine, in its reasonable judgment after consultation with the Debtor's financial and legal advisors and the Agent (unless the Agent has given a Credit Bid Notification (as defined below)), which Qualifying Bid (including aggregated Qualifying Bids if appropriated as provided herein) is or are likely to result in the highest and best value to the Debtor's estate, and shall provide a copy of that Qualifying Bid or Qualifying Bids to all Qualifying Bidders prior to the beginning of the Auction.  The Debtor may discuss or clarify the terms of the Qualifying Bids with the Qualifying Bidders prior to such date, but no modifications may be made to the Qualifying Bids after the Bid Deadline without the Debtor's prior written consent, in consultation with the Agent.

#6159988

8.     Credit Bidding

Only the Agent (or its designee), on behalf of the Pre-Petition Lenders or Post-Petition Lenders, as applicable, shall be permitted to submit a credit bid at the Auction, and the Agent will notify the Debtor of its intention to potentially credit bid no later than the Bid Deadline (the "Credit Bid Notification"). To the extent the Agent indicates in the Credit Bid Notification that it does intend to potentially credit bid at the Auction, it shall not receive the consent/consultation rights described above in the "Evaluation of Qualifying Bids" section or below in the "Auction" section; provided, however, that in the event the Agent subsequently notifies the Debtor that the Agent is no longer credit bidding, then the Agent shall again receive the consent/consultation rights described herein.

The Agent (or its designee) shall be permitted to credit bid up to the total allowed amount of its secured claim outstanding at the time of the Auction under that certain Credit Agreement dated January 19, 2018, as amended from time to time, and related documents and all amounts advanced under the DIP Facility (the "Secured Lender Claim"). In the event the Agent (or its designee) submits a credit bid at the Auction, it shall provide the Debtor with a Modified APA at the Auction, but will not be required to meet any of the other requirements set forth in the "Bid Requirements" section (including, but not limited to, the requirement to submit a deposit, and no portion of any credit bid shall constitute or be deemed a deposit for any purpose).

9.     Insider Participation

To the extent any insider of the Debtor or any of its affiliates, or any person or entity controlled by any insider of the Debtor or its affiliates, chooses to submit a bid at the Bid Deadline, and such bid is deemed a Qualifying Bid, such insider and any person associated with such insider shall be expressly prohibited from participating in any manner in the "Evaluation of Qualifying Bids" and "Auction" (other than in his or her capacity as a Qualified Bidder) sections as described herein.

10.    Auction

In the event that the Debtor timely receives two or more Qualifying Bids, the Debtor shall conduct an auction (the "Auction") starting at **10:00 a.m. (Prevailing Central Time) on June 15, 2020 (the "Auction Date")** at the law offices of Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002. In the event that only one Qualifying Bid is timely received and the Agent has elected not to credit bid, the Debtor shall declare that bid to be the Successful Bid and the Auction shall be canceled. The Auction shall be governed by the following procedures:

i.     Only Qualifying Bidders (including the Agent or its designee to the extent it makes a credit bid) who have made a Qualifying Bid shall be entitled to make any subsequent bids at the Auction;

ii.    Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

#6159988

iii.     Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative;

iv.     Bidding shall commence at the amount of the highest Qualifying Bid as determined pursuant to Paragraph (g7) above;

v.     Qualifying Bidders may bid on substantially all Assets of the Debtor or on lots identified by the Debtor after consulting with the Agent (the "Sale Lots").  The Sale Lots include (a) Operated Properties – Vertical Wells, (b) Operated Properties – Horizontal Wells, (c) Greater Scoop Non-Operated Properties, (d) Greater Stack Non-Operated Properties, and (e) Royalty and Overriding Royalty Interests.  The Debtor may modify the Sale Lots after consulting with the Agent.

vi.     v. For any bid on substantially all Assets of the Debtor, such bid shall be accompanied by information that apportions the purchase price and other elements of consideration among each Sale Lot.

vii.     vi. Each Qualifying Bidder may then submit successive bids in increments of at least $100,000.00 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $100,000.00 higher than the previous bid; provided that the Debtor, in consultation with the Agent, shall retain the right to modify the bid increment requirements at the Auction;

viii.     vii. The Auction will be conducted openly and shall be transcribed or recorded, and the Qualifying Bidders will be informed of the terms of the previous bid;

ix.     viii. Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the Modified APA at the Auction, provided that any such modifications to the Modified APA on an aggregate basis and viewed in whole, shall not be less favorable to the Debtor's estate, as determined by the Debtor in consultation with the Agent, than the terms of the highest and best Qualifying Bid at that time;

x.     ix. The Auction shall continue until there is only one bid that the Debtor determines in consultation with the Agent, subject to Court approval, is the highest or best from among the Qualifying Bids submitted at the Auction (the "Successful Bid").  In making this decision, the Debtor shall consider, without limitation, the amount of the Purchase Price or other amounts to be paid to the Debtor, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the

#6159988

number, type and nature of any changes to the Form APA requested by each bidder, and the net benefit to the Debtor's estate.  The bidder or bidders submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Modified APA;

xi.   ~~x.~~ The Debtor will determine in consultation with the Agent which Qualifying Bid, if any, is the next highest and/or best Qualifying Bid to the Successful Bid, and will designate such Qualifying Bid as a back-up bid ("Back-up Bid") to be consummated in the event the Successful Bid fails to consummate the contemplated sale transaction.   There may be more than one Back-up Bid if aggregated Qualifying Bids are determined to be Back-up Bids. A Qualifying Bidder that submitted a Qualifying Bid that is designated as a Back-up Bid is a "Back-up Bidder."  Each Back-up Bid shall remain open and binding until the Outside Back-up Date;

xii.   ~~xi.~~ At the Sale Hearing, the Debtor shall present the Successful Bid and Back-up Bid to the Court for approval. The Debtor's presentation of the announced Successful Bid to the Court for approval does not constitute the Debtor's acceptance of such Successful Bid. The Debtor shall have accepted such Successful Bid only when approved by the Court;

xiii.   ~~xii.~~ Within fifteen (15) calendar days after the entry of the Sale Order, each Successful Bidder and the Debtor (i) shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which such Successful Bid was made, and (ii) shall close the sale transaction; and

xiv.   ~~xiii.~~ The Debtor in consultation with the Agent may adopt such other rules for the Auction (including rules that may depart from those set forth herein) that they anticipate will result in the highest or otherwise best value for the Debtor's estate and that are not inconsistent with any applicable Bankruptcy Court order, provided that any changed or additional rules of the Auction are not materially inconsistent with the Bidding Procedures and are communicated to all participants at or prior to the Auction.

11.   <u>Sale Hearing</u>

The Successful Bid will be subject to approval by the Bankruptcy Court.  The Debtor requests that the hearing to approve the Successful Bid **(the "<u>Sale Hearing</u>") take place on June 18, 2020**, unless adjourned or continued by the Debtor, with the consent of the Agent, not

to be unreasonably withheld.  At such time, the Debtor will seek the entry of an order of the Bankruptcy Court approving and authorizing the Sale to the Successful Bidder on the terms and conditions of the Successful Bid.  The Successful Bidder shall appear at the Sale Hearing and be prepared to testify in support of the Successful Bid and the Successful Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the proposed Sale.

12.     Return of Deposits

Except as provided herein, all deposits shall be returned to each bidder not selected by the Debtor as a Successful Bidder no later than five (5) business days following the conclusion of the Auction, except for any Back-up Bidder (as defined above) whose deposit will be returned by no later than the third (3rd) business day after the earlier to occur of: (a) the closing of the sale transaction with the relevant Successful Bidder or (b) **July 3, 2020 (the "<u>Outside Back-up Date</u>"**).

13.     Failure to Consummate Purchase

The Back-up Bidder shall keep its bid open and irrevocable until the earlier of 5:00 p.m. (Prevailing Central Time) on the date which is (i) the Outside Back-up Date or (ii) the closing of the Sale transaction with the Successful Bidder.  Following the Sale Hearing, if any Successful Bidder fails to consummate an approved Sale because of (a) the failure of a condition precedent beyond the control of either the Debtor or the Successful Bidder or (b) a breach or failure to perform on the part of such Successful Bidder, the Back-up Bidder will be deemed to be the new Successful Bidder, and the Debtor will be authorized to consummate the Sale with the Back-up Bidder without further order of the Bankruptcy Court.  In the case of (b) above, the defaulting Successful Bidder's deposit shall be forfeited to the Debtor as the Debtor's sole remedy with respect to the defaulting Successful Bidder.

14.     Reservation of Rights; Deadline Extension

The Debtor reserves its rights, in the exercise of its fiduciary obligations and, with the consent of the <u>Agent</u> (not to be unreasonably withheld), to modify these Bidding Procedures or impose at, or prior to, the Auction, additional customary terms and conditions on the Sale of the Assets, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction and/or adjourning the Sale Hearing in open court without further notice, withdrawing from the Auction the Assets at any time prior to or during the Auction or canceling the Auction in the Debtor's business judgment.

15.     Emergency Hearing

The Debtor and the Agent agree that in the event of any dispute regarding the Sale process outlined herein, (i) either party may seek an emergency hearing requesting that the Court resolve such dispute and (ii) the other party shall consent to such request for an emergency hearing.

16.     Sale As Is/Where Is

#6159988

The Assets sold pursuant to the Bidding Procedures shall be sold free and clear of all liens claims and encumbrances as permitted by section 363(f) of the Bankruptcy Code other than any assumed liabilities as set forth in the applicable APA and conveyed at closing in their then-present condition, "**AS IS, WHERE IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED**", except to the extent set forth in the definitive agreement for the Successful Bid, if applicable; *provided* that any such sale shall be subject to the rights of the Pre-Petition Lenders or the Post-Petition Lenders or other party in interest to object to the extent otherwise set forth herein.

#6159988

| Summary report: Litera® Change-Pro for Word 10.8.2.11 Document comparison done on 4/21/2020 10:07:29 AM | |
|---|---|
| **Style name:** Bracewell Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** dm://DM/6159988/1 | |
| **Modified DMS:** dm://DM/6159988/2 | |
| **Changes:** | |
| Add | 12 |
| Delete | 10 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 0 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 22 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **In re:** | )    **Chapter 11** |
| | ) |
| **ECHO ENERGY PARTNERS I, LLC** | )    **Case No. 20-31920** |
| | ) |
| **Debtor.** | ) |

**ORDER APPROVING BIDDING PROCEDURES; APPROVING PROCEDURES FOR
THE ASSUMPTION AND ASSIGNMENT OF CONTRACTS AND LEASES;
SCHEDULING BIDDING DEADLINE, AUCTION DATE, AND
<u>SALE HEARING DATE; AND APPROVING FORM AND NOTICE THEREOF</u>**

Upon the motion (the "<u>Sale Motion</u>")[1] of the above captioned debtor and debtor in possession (the "<u>Debtor</u>") for (a) entry of an order (this "<u>Order</u>"), (i) approving bidding procedures (ii) approving procedures for the assumption and assignment of executory contracts and unexpired leases, (iii) scheduling bidding deadline, auction date, and sale hearing date; (iv) approving form and notice thereof; (b) entry of an order after the sale hearing (i) authorizing the Debtor to sell its Assets to the Successful Bidder free and clear of liens, claims and encumbrances, and (ii) authorizing the Debtor to assume and assign certain executory contracts and unexpired leases; and (c) approval of related relief, all as more fully described in the Sale Motion; and the Court having jurisdiction to consider the Sale Motion and the relief requested therein in accordance with 28 U.S.C. § 1334; and consideration of the Sale Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this District pursuant to 28 U.S.C. § 1408; and due and proper notice of the Sale Motion being adequate and appropriate under the particular circumstances; and a hearing having been held to consider the relief requested in the Sale Motion (the "<u>Hearing</u>"); and upon consideration of the record of the Hearing and all

---

[1] Capitalized terms used herein and not otherwise defined shall be given the meaning ascribed to them in the Sale Motion.

proceedings had before the Court; and the Court having found and determined that the relief sought in the Sale Motion is in the best interests of the Debtor's estate, its creditors and other parties-in-interest; and that the legal and factual bases set forth in the Sale Motion establish just cause for the relief granted herein; and any objections to the requested relief having been withdrawn or overruled on the merits; and after due deliberation and sufficient cause appearing, therefore,

IT IS HEREBY FOUND AND DETERMINED THAT:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and this matter is a core proceeding under 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief requested in the Motion are sections 105, 363, 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006, 9006, 9007, and 9014.

C.      Good and sufficient notice of the relief sought in the Motion has been given.  No other or further notice of the request for the relief granted herein need be given except as set forth herein with respect to the Sale Hearing.  A reasonable opportunity to object or be heard regarding the relief provided herein has been afforded to parties in interest.

D.      The Debtor has articulated compelling and sound business justifications for the Court to:  (i) approve the Bidding Procedures; and (ii) set the Sale Hearing and approve the manner of notice of the Motion and the Sale Hearing.

E.      The Bidding Procedures attached hereto as **Exhibit A**, are fair, reasonable and appropriate and are designed to maximize recovery with respect to the sale of the Assets.

F.      The Debtor's proposed sale notice, substantially in the form attached as **Exhibit B** (the "Sale Notice") is appropriate and service thereof as provide for in the Sale Motion is reasonably calculated to provide all interested parties with timely and proper notice of the Bidding

Procedures, the Auction (if necessary) and the Sale Hearing, and no other or further notice is required.

G.      The entry of this Order is in the best interests of the Debtor and its estate, creditors and all other parties in interest herein, and therefore,

IT IS HEREBY ORDERED THAT:

1.      All objections, if any, to the relief requested in the Sale Motion with respect to the Bidding Procedures or other relief granted in this Order that have not been withdrawn, waived, or settled as announced to the Court at the hearing on the Sale Motion or by stipulation filed with the Court, are overruled except as otherwise set forth herein.

***Bidding Procedures***

2.      The Bidding Procedures attached hereto as **<u>Exhibit A</u>** are hereby approved and fully incorporated into this Order.  The Bidding Procedures are appropriate and fair to all non-Debtor counterparties and comply in all respects with the Bankruptcy Code.  The Debtor is authorized to undertake any and all actions, including incurring and paying costs and expenses, in accordance with an approved cash collateral budget, as are necessary or appropriate to implement the Bidding Procedures.  The failure to specifically include or reference any particular provision of the Bidding Procedures in this Order shall not diminish or impair the effectiveness of such procedures, it being the intent of this Court that the Bidding Procedures be authorized and approved in their entirety.

3.      As further described in the Bidding Procedures, a potential bidder who desires to make a bid for some or all of the Assets must deliver a bid that satisfies the requirements set forth in the Bidding Procedures to: (i) counsel for the Debtor, Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002 (Attn: William A. (Trey) Wood III, email:

Trey.Wood@bracewell.com, and Jason G. Cohen, email Jason.Cohen@bracewell.com) and (ii) Winstead PC, 500 Winstead Building, 2728 N. Harwood Street, Dallas, TX 75201 (Attn: Joseph Wielebinski, email: jwielebinski@winstead.com and Annmarie Chiarello email: achiarello@winstead.com) (collectively, the "Notice Parties") so as to be received by a date **no later than 4:00 p.m. (Prevailing Central Time) on June 11, 2020 (the "Bid Deadline")**. Counsel to the Debtor shall promptly notify counsel to the Agent of all bids received and provide copies of all such bids to counsel to the Agent.

4.      The process and requirements associated with submitting a Qualifying Bid are approved as fair, reasonable, and appropriate, and are designed to maximize recoveries for the benefit of the Debtor's estate, creditors, and other parties in interest.

5.      As further described in the Bidding Procedures, in the event that the Debtor timely receives one or more Qualifying Bids, the Debtor shall conduct the Auction starting at **10:00 a.m. (Prevailing Central Time) on June 15, 2020 (the "Auction Date")** at the law offices of Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002.  In the event that the Debtor timely receives only one Qualifying Bid, the Debtor shall notify the Court, cancel the Auction, and promptly seek approval of the Qualifying Bid.  The Debtor is authorized, subject to the terms of this Order, to take actions reasonably necessary, in the reasonable discretion of the Debtor in consultation with the Secured Lenders, to conduct and implement the Auction.

6.      At the conclusion of the Auction, the Debtor shall file notice of the Successful Bidder and Successful Bid on or before June 16, 2020, and will seek the entry of an order of this Court approving and authorizing the Sale to the Successful Bidder at the Auction on the terms and conditions of the Successful Bid.  The Sale Hearing will be conducted at 1:30 p.m. (Prevailing Central Time) on June 18, 2020.  The Sale Hearing may be adjourned by the Debtor in consultation

#6153793

with the Agent by announcement in open court on the date scheduled for the Sale Hearing or by filing a notice on the docket of the Debtor's chapter 11 case.  The Successful Bidder shall appear at the Sale Hearing and be prepared, if necessary, to testify in support of the Successful Bid and the Successful Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the proposed Sale.

7.      **Objections, if any, to the relief requested in the Sale Motion as it relates to the Sale (a "Sale Objection") must be in writing and filed in this Court on or before 4:00 p.m. (Prevailing Central Time) on June 11, 2020 (the "Sale Objection Deadline").  Objections, if any, to the Successful Bidder, the Successful Bid and the manner in which the Auction was conducted must be in writing and filed in this Court on or before 4:00 p.m. (Prevailing Central Time) on June 17, 2020 (the "Auction Objection Deadline").**

8.      Failure to file and serve a Sale Objection by the Sale Objection Deadline shall be deemed to be consent to the Sale for purposes of Bankruptcy Code section 363(f).

9.      Objections to the Sale, the Successful Bidder, the Successful Bid, the Auction or any of the related relief sought in connection therewith must (a) be in writing, (b) state the basis of such objection with specificity, (c) conform to the Bankruptcy Rules and the Local Rules of the Southern District of Texas and (d) be filed so as to be actually received by no later than the Sale Objection Deadline and/or the Auction Objection Deadline, as applicable.

10.     The Sale Notice is hereby approved.  It is reasonably calculated to provide sufficient notice to non-Debtor counterparties of the Debtor's intent to consummate the Sale with the Successful Bidder and constitutes adequate notice of the Sale.  It shall be served within five (5) business days of entry of this Order, upon each of the following parties: (i) counsel to any

-5-

committee appointed in these cases; (ii) the United States Trustee for the Southern District of Texas; (iii) all other parties known to the Debtor who have or may have asserted liens against any of the Assets; (iv) the Debtor's thirty (30) largest unsecured creditors; (v) all parties that have requested notice pursuant to Bankruptcy Rule 2002; and (vi) all other entities known to have expressed an interest in a transaction with respect to all or part of the Assets.

11.     Not later than five (5) business days after the entry of this Order, the Debtor shall cause the Sale Notice to be published once in a national edition of a United States newspaper.

***Assumption and Assignment Procedures***

12.     The assumption and assignment procedures set forth in the Sale Motion are hereby approved and made part of this Order as if fully set forth herein.  The assumption and assignment procedures are appropriate and fair to all non-Debtor counterparties and comply in all respects with the Bankruptcy Code.

13.     The Debtor shall cause notice to be provided to any counterparties to any Assigned Contract by May 12, 2020 (the "Cure Notice").The Cure Notice, substantially in the form attached to the Sale Motion as **Exhibit C**, is hereby approved.  It is reasonably calculated to provide sufficient notice to non-Debtor counterparties of the Debtor's intent to assume and assign the Assigned Contracts in connection with the Sale and constitutes adequate notice thereof.

14.     If at any time after service of the Cure Notice pursuant to the previous paragraph the Debtor identifies additional prepetition executory contracts and or leases to be assigned to the Successful Bidder, the Debtor shall serve a supplemental Cure Notice by first class mail, facsimile, electronic transmission, or overnight mail on the contract counterparty (and its attorney, if known) to each supplemental Assigned Contract by no later than ten (10) days before the proposed effective date of the assignment.  Each supplemental Cure Notice shall set forth the following: (i)

the name and address of the contract counterparty, (ii) notice of the proposed effective date of the assignment (subject to the right of the Debtor and the Successful Bidder to withdraw such request for assumption and assignment of the Assigned Contract prior to Closing), (iii) identification of the Assigned Contract, and (iv) the Cure Amount, if any.

15.     Unless the contract counterparty or any other entity properly files an objection to the supplemental Cure Notice within ten (10) days of the date of the supplemental Cure Notice, the Debtor may assume and assign the Assigned Contract subject to the occurrence of the Closing, without further order or notice of hearing.  If an objection is filed and served within ten (10) days of the date of the supplemental Cure Notice, and the objection cannot be resolved consensually, such dispute shall be heard and resolved at the Sale Hearing.

16.     Except as may otherwise be agreed to by the parties to an Assigned Contract, all Cure Amounts shall be paid as administrative expenses.

17.     **Any objections to the assumption and assignment of any executory contract or unexpired lease identified in the Cure Notice, including, but not limited to, objections relating to adequate assurance of future performance or to the Cure Amounts set forth in the Cure Notice, must be in writing and filed with the Court no later than 4:00 p.m. (Prevailing Central Time) on June 11, 2020 (the "Cure Notice Objection Deadline").**

18.     If no timely objection to the assumption and assignment of a particular executory contract or unexpired lease is received, then the Cure Amount set forth in the Cure Notice shall be binding upon the non-debtor party or parties to the Assigned Contract for all purposes in this chapter 11 case and otherwise and all such counterparties to the Assigned Contracts shall (a) be forever barred from objecting to the Cure Amounts and from asserting any additional cure or other amounts with respect to the Assigned Contracts, (b) be deemed to have consented to the

#6153793

assumption and assignment, and (c) be forever barred and estopped from asserting or claiming against the Debtor or the Successful Bidder that any additional amounts are due or other defaults exist, that conditions to assignment must be satisfied under such Assigned Contracts or that there is any objection or defense to the assumption and assignment of such Assigned Contracts.

19.    If a non-debtor counterparty to an Assigned Contract files an objection to assumption or assignment, whether based on Cure Amount, adequate assurance of future performance, or any other alleged cause or claim, then, to the extent the relevant parties are not able to consensually resolve the dispute prior to the Sale Hearing, such dispute shall be heard and resolved at the Sale Hearing.

***Other Provisions***

20.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise or any Local Rules of this Court, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21.    The Debtor is authorized and empowered to take such action as may be necessary to implement and effect the terms and requirements established under this Order.

22.    This Order shall be binding on and inure to the benefit of the Debtor, including any chapter 7 or chapter 11 trustee or other fiduciary appointed for the estate of the Debtor.

23.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

24.    To the extent that this Order is inconsistent with any prior order or pleading with respect to the Sale Motion in these cases, the terms of this Order shall govern.

25.    This Court shall retain jurisdiction to resolve any dispute relating to the interpretation of the terms and conditions of the Successful Bid and this Order.  To the extent any

provisions of this Order shall be inconsistent with the Sale Motion or Successful Bid, the terms of this Order shall control.

26.     If an official committee of unsecured creditors ("Committee") is appointed, the Committee may file a motion to seek relief from this Order.  Any such motion shall be filed no later than fifteen (15) days after the Committee's appointment (or otherwise be time barred), and all parties-in-interests (including the Debtor) reserve the right to object to and oppose any such motion filed by the Committee.

27.     Nothing in this Order shall prejudice (i) the right of the Debtor to file a plan of reorganization or otherwise require the Debtor to sell its assets or (ii) subject to 11 U.S.C. 1121(c), the right of any party-in-interest to file a plan of reorganization.

Dated:

_____
THE HONORABLE DAVID R. JONES
CHIEF U.S. BANKRUPTCY JUDGE

#6153793

**Exhibit A**
**Bidding Procedures**

## ECHO ENERGY PARTNERS I, LLC – Bidding Procedures

Set forth below are the bid procedures (the "Bidding Procedures") to be employed by Echo Energy Partners I, LLC (the "Debtor") in connection with the sale of the Debtor's Assets, free and clear of liens and interests, pursuant to and in accordance with the terms and conditions specified therein.

On [DATE], the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Court") entered an order which, among other things (a) approved these Bidding Procedures, (b) approved the form and manner of the sale notice and bidding procedures notice, (c) scheduled a Sale Hearing date, and (d) approved procedures for the assumption and, if necessary, assignment of executory contracts and unexpired leases (the "Bidding Procedures Order").[1]

1.     Key Dates

These Bidding Procedures provide interested parties with the opportunity to complete diligence, to submit competing bids for all or a portion of the Assets, and to participate in an auction to be conducted by the Debtor (the "Auction").

The key dates for the sale process are as follows:

| | |
|---|---|
| Thursday, June 11, 2020 | Cure Objection Deadline |
| Thursday, June 11, 2020 | Sale Objection Deadline |
| Thursday, June 11, 2020 | Bid Deadline |
| Monday, June 15, 2020 | Auction |
| Thursday, June 18, 2020 | Sale Hearing |

2.     Property to be Sold

The Debtor shall offer for sale (the "Sale") all of its oil and gas assets, including but not limited to, interests in oil and gas leases, related inventory and equipment, and various personal property (such assets collectively referred to herein as the "Assets").  The Debtor may consider bids for all or less than all of the Assets.

3.     Participation Requirements

Any person seeking to conduct due diligence on the Assets and participate in the bidding must become a "Diligence Party."  As a prerequisite to becoming a Diligence Party, any interested party: (a) must deliver an executed confidentiality agreement in form and substance reasonably

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings set forth in the Debtor's Motion for (A) Entry of an Order (I) Approving Bidding Procedures; (II) Scheduling Bidding Deadline, Auction Date, and Sale Hearing Date; (III) Approving Form and Notice thereof; (B) Entry of an Order After the Sale Hearing (I) Authorizing the Debtor to Sell Its Assets; and (II) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (C) Granting Related Relief (the "Sale Motion").

acceptable to the Debtor in consultation with the Agent;[2] and (b) must be able, as determined by the Debtor in consultation with its financial advisor and the Agent, to consummate a transaction based upon a Qualifying Bid (as defined below). The Debtor, in consultation with the Agent, reserves the right (i) at any time to require any Diligence Party to provide additional evidence of its ability to consummate a transaction based upon a Qualifying Bid (as defined below), and (ii) to exclude any such Diligence Party from participating further in the auction process as a result of its inability to satisfy such further requirements. The confidentiality agreements executed by Diligence Parties shall inure to the benefit of the Successful Bidder following the closing of the Sale transaction.

4.    Due Diligence

The Debtor, with the assistance of its financial advisor, Opportune LLC ("Opportune"), shall afford any Diligence Party the time and opportunity to conduct reasonable due diligence. This will include, without limitation, an opportunity for Diligence Parties to inspect the Assets and receive copies of, among other things, all engineering reports regarding reserves, all production reports, all deeds and leases for oil and gas rights and all title opinions and information. The due diligence period shall extend through and include the Bid Deadline (as defined below). The Debtor and its representatives shall not be obligated to furnish any due diligence information after the Bid Deadline. Diligence inquiries should be made to:

Opportune LLP
711 Louisiana Street, Suite 3100
Houston, TX 77002
Attn: Jim Hansen
jimhansen@opportune.com
713-410-8756

For the avoidance of doubt, the Agent and its advisors shall be provided prompt access to all executed Confidentiality Agreements and due diligence materials, including without limitation any management presentations, on-site inspections, and any other information provided to any Diligence Party that was not previously made available to the Agent. The Debtor and Opportune shall consult with the Agent and its advisors regarding materials produced in connection with the Sale, including without limitation the form of confidentiality agreement and any marketing materials or information memoranda or "teasers." In addition, Opportune shall (a) hold weekly Sale update conferences with the Agent and its financial advisors and (b) provide weekly reporting to the Agent's financial advisors, including without limitation (i) a written log containing a summary of Opportune's correspondence (phone, email, etc.) with potential interested parties, including Diligence Parties, (ii) a written summary of marketing activity including parties contacted and current status (e.g., parties under Confidentiality Agreements, indications of interest/letters of intent received, parties scheduled for management/advisor presentations, site visits, etc.), and (iii) a written log of diligence activities and status of fulfilling requests.

---

[2] For the avoidance of doubt, parties who have already executed a confidentiality agreement with the Debtor shall not be required to execute a new confidentiality agreement provided that the existing confidentiality agreement is in form and substance acceptable to the Debtor in consultation with the Agent.

#6159988

5.      Bid Requirements

The Debtor encourages Qualified Bidders that wish to bid on less than all the Assets to submit a bid(s) on the relevant assets.  The Debtor, in consultation with the Agent, may make any modifications to the Bidding Procedures, including the Bid requirements described immediately below, as necessary to accommodate a piecemeal bid they determine is in the best interests of the estate.

To be deemed a "Qualifying Bid," a bid must be received from a Diligence Party by a date no later than the Bid Deadline (as defined below) that satisfies each of the following conditions:

     i.     Purchase Price.  Each bid must identify the cash consideration to be paid for relevant Assets ("Purchase Price");

     ii.     Executed Agreement.  Each bid must be accompanied by (a) a duly executed asset purchase agreement (the "Modified APA"); and (B) a marked Modified APA reflecting any variations from the "Form APA,"[3] which will be provided to Diligence Parties by the Debtor;

     iii.     Irrevocable.  Each bid must expressly provide that (a) the offer reflected in the bid is irrevocable until the conclusion of the Auction, provided that if such party is designated as the Successful Bidder or the Back-up Bidder (each, as defined below) then such offer shall remain open and irrevocable until the closing of the Sale or the Outside Back-up Date as described below and (b) if such party is selected as the Successful Bidder, then such party will take all commercially reasonable steps to consummate the transaction set forth in the Modified APA within 15 days of entry of the Sale Order and satisfaction of the closing conditions (if any) set forth in the Modified APA;

     iv.     Bound to Bid Procedure Terms.  Each bid must state that the bidder agrees to be bound by the terms of the Bidding Procedures Order and the Bidding Procedures and otherwise submit to the jurisdiction of the Bankruptcy Court;

     v.     Proof of Financial Ability to Perform.  Each bid must contain such financial and other information that allows the Debtor and Opportune to make a reasonable determination, in consultation with the Agent, as to the Qualifying Bidder's financial and other capabilities to consummate the transactions contemplated by the Modified APA, including, without limitation, such financial and other information setting forth adequate assurance of future performance.  Without limiting the foregoing, such information must include current financial statements or similar financial information certified to be true and correct as of the date thereof, proof of financing commitments, if needed to close the transaction, contact information for verification of such information, including any financing

---

[3] The Form APA must be in a form reasonably acceptable to the Agent

sources, and any other information reasonably requested by the Debtor necessary to demonstrate that such party has the ability to close the transaction;

vi.     <u>Designation of Contracts and Leases</u>.   Each bid must identify with particularity each and every executory contract and unexpired lease, the assumption and, as applicable, assignment of which is a condition to closing; *provided* that the Modified APA may allow for the Qualifying Bidder to identify additional contracts prior to the closing or at such other date as agreed by the Debtor in consultation with the Agent;

vii.    <u>Regulatory and Third Party Approval</u>.   Each bid must identify each regulatory and third-party approval required for the bidder to consummate the Sale, if any, and the time period within which the bidder expects to receive such regulatory and third-party approvals;

viii.   <u>Disclosure of Identity of Bidder</u>.  Each bid must fully disclose the identity of each entity that will be bidding in the Auction or otherwise participating in connection with such bid, and the complete terms of any such participation;

ix.     <u>Contingencies</u>.  Each bid shall (i) not contain any financing contingencies of any kind; (ii) not contain any conditions to closing other than the conditions precedent identified in the Modified APA; (iii) not contain any due diligence contingency; and (iv) contain evidence that the bidder has received debt and/or equity funding commitments or has financial resources readily available sufficient in the aggregate to consummate the Sale, which evidence is reasonably satisfactory to the Debtor in consultation with the Agent;

x.      <u>Authorizations</u>.  Each bid must include written evidence of authorization and approval from the bidder's board of directors (or comparable governing body) with respect to the submission, execution, delivery and performance of the Modified APA that is acceptable to the Debtor in consultation with the Agent;

xi.     <u>No Break-Up Fees</u>.  No bid may request or entitle the bidder to any break-up fee, expense reimbursement, termination fee or similar type of payment or bid protection; and

xii.    <u>Good Faith Deposit</u>.  Each bid must be accompanied by a purchase deposit equal to or greater than 10% of the total Purchase Price.

A competing bid meeting the above requirements shall constitute a "Qualifying Bid" and the party submitting such bid shall constitute a "Qualifying Bidder."  The Debtor, in consultation with the Agent, shall make a determination regarding whether a bid is a Qualifying Bid and shall

#6159988

notify bidders whether their bids have been determined to be qualified by no later than **4:00 p.m. (Prevailing Central Time) on June 12, 2020**. For the avoidance of doubt, the Agent (or its designee), on behalf of the Agent, shall be deemed a Qualifying Bidder for purposes of these Bidding Procedures, and any credit bid complying with the provisions set forth in the section entitled "Credit Bidding" herein shall be deemed a Qualifying Bid for all purposes in connection with the Bidding Procedures, the Auction and the Sale.

The Debtor, in consultation with the Agent, reserves the right (i) at any time to require any bidder previously determined to be a Qualified Bidder to provide additional evidence of its ability to consummate a transaction based upon a Qualifying Bid in order to remain a Qualified Bidder, and (ii) to exclude any bidder from participating further in the auction process as a result of its inability to satisfy such further requirements to remain a Qualified Bidder.

Persons who collectively are referred to as a "Qualifying Bidder" need not be affiliates and need not act in concert with one another, and the Debtor, in consultation with the Agent, may aggregate separate bids from unaffiliated persons to create one "bid" from a "Qualifying Bidder"; provided, however, that all bidders shall remain subject to the provisions of Bankruptcy Code section 363(n) regarding collusive bidding. Nothing contained herein shall prevent the consideration of bids for less than all Assets, and the Debtor, with the consent of the Agent, may make any modifications to the Bidding Procedures as necessary to accommodate such a bid as they determine is in the best interests of the estate.

6.      Bid Deadline

A Qualifying Bidder that desires to make a bid shall deliver a written or electronic copy of its bid to: (i) counsel to the Debtor, Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002 (Attn: William A. (Trey) Wood III, email: Trey.Wood@bracewell.com and Jason G. Cohen, email: Jason.Cohen@bracewell.com) and (ii) counsel to the Agent, Winstead PC, 500 Winstead Building, 2728 N. Harwood Street, Dallas, TX 75201 (Attn: Joseph Wielebinski, email: jwielebinski@winstead.com and Annmarie Chiarello email: achiarello@winstead.com) (collectively, the "Notice Parties") so as to be received by a date **no later than 4:00 p.m. (Prevailing Central Time) on June 11, 2020 (the "Bid Deadline")**.

The Bid Deadline may be changed without further order of the Bankruptcy Court upon the agreement of the Debtor and the Agent.

7.      Evaluation of Qualifying Bids

At least 48 hours prior to the Auction, the Debtor shall determine, in its reasonable judgment after consultation with the Debtor's financial and legal advisors and the Agent (unless the Agent has given a Credit Bid Notification (as defined below)), which Qualifying Bid (including aggregated Qualifying Bids if appropriated as provided herein) is or are likely to result in the highest and best value to the Debtor's estate, and shall provide a copy of that Qualifying Bid or Qualifying Bids to all Qualifying Bidders prior to the beginning of the Auction. The Debtor may discuss or clarify the terms of the Qualifying Bids with the Qualifying Bidders prior to such date, but no modifications may be made to the Qualifying Bids after the Bid Deadline without the Debtor's prior written consent, in consultation with the Agent.

8.      Credit Bidding

Only the Agent (or its designee), on behalf of the Pre-Petition Lenders or Post-Petition Lenders, as applicable, shall be permitted to submit a credit bid at the Auction, and the Agent will notify the Debtor of its intention to potentially credit bid no later than the Bid Deadline (the "Credit Bid Notification"). To the extent the Agent indicates in the Credit Bid Notification that it does intend to potentially credit bid at the Auction, it shall not receive the consent/consultation rights described above in the "Evaluation of Qualifying Bids" section or below in the "Auction" section; provided, however, that in the event the Agent subsequently notifies the Debtor that the Agent is no longer credit bidding, then the Agent shall again receive the consent/consultation rights described herein.

The Agent (or its designee) shall be permitted to credit bid up to the total allowed amount of its secured claim outstanding at the time of the Auction under that certain Credit Agreement dated January 19, 2018, as amended from time to time, and related documents and all amounts advanced under the DIP Facility (the "Secured Lender Claim"). In the event the Agent (or its designee) submits a credit bid at the Auction, it shall provide the Debtor with a Modified APA at the Auction, but will not be required to meet any of the other requirements set forth in the "Bid Requirements" section (including, but not limited to, the requirement to submit a deposit, and no portion of any credit bid shall constitute or be deemed a deposit for any purpose).

9.      Insider Participation

To the extent any insider of the Debtor or any of its affiliates, or any person or entity controlled by any insider of the Debtor or its affiliates, chooses to submit a bid at the Bid Deadline, and such bid is deemed a Qualifying Bid, such insider and any person associated with such insider shall be expressly prohibited from participating in any manner in the "Evaluation of Qualifying Bids" and "Auction" (other than in his or her capacity as a Qualified Bidder) sections as described herein.

10.      Auction

In the event that the Debtor timely receives two or more Qualifying Bids, the Debtor shall conduct an auction (the "Auction") starting at **10:00 a.m. (Prevailing Central Time) on June 15, 2020 (the "Auction Date")** at the law offices of Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002. In the event that only one Qualifying Bid is timely received and the Agent has elected not to credit bid, the Debtor shall declare that bid to be the Successful Bid and the Auction shall be canceled. The Auction shall be governed by the following procedures:

i.      Only Qualifying Bidders (including the Agent or its designee to the extent it makes a credit bid) who have made a Qualifying Bid shall be entitled to make any subsequent bids at the Auction;

ii.     Each Qualifying Bidder shall be required to confirm that it has not engaged in any collusion with respect to the bidding or the sale;

iii.    Qualifying Bidders shall appear in person at the Auction, or through a duly authorized representative;

iv.    Bidding shall commence at the amount of the highest Qualifying Bid as determined pursuant to Paragraph (7) above;

v.    Qualifying Bidders may bid on substantially all Assets of the Debtor or on lots identified by the Debtor after consulting with the Agent (the "Sale Lots").  The Sale Lots include (a) Operated Properties – Vertical Wells, (b) Operated Properties – Horizontal Wells, (c) Greater Scoop Non-Operated Properties, (d) Greater Stack Non-Operated Properties, and (e) Royalty and Overriding Royalty Interests.  The Debtor may modify the Sale Lots after consulting with the Agent.

vi.    For any bid on substantially all Assets of the Debtor, such bid shall be accompanied by information that apportions the purchase price and other elements of consideration among each Sale Lot.

vii.    Each Qualifying Bidder may then submit successive bids in increments of at least $100,000.00 higher than the bid at which the Auction commenced and then continue in minimum increments of at least $100,000.00 higher than the previous bid; provided that the Debtor, in consultation with the Agent, shall retain the right to modify the bid increment requirements at the Auction;

viii.    The Auction will be conducted openly and shall be transcribed or recorded, and the Qualifying Bidders will be informed of the terms of the previous bid;

ix.    Qualifying Bidders shall have the right to submit additional bids and make additional modifications to the Modified APA at the Auction, provided that any such modifications to the Modified APA on an aggregate basis and viewed in whole, shall not be less favorable to the Debtor's estate, as determined by the Debtor in consultation with the Agent, than the terms of the highest and best Qualifying Bid at that time;

x.    The Auction shall continue until there is only one bid that the Debtor determines in consultation with the Agent, subject to Court approval, is the highest or best from among the Qualifying Bids submitted at the Auction (the "Successful Bid").  In making this decision, the Debtor shall consider, without limitation, the amount of the Purchase Price or other amounts to be paid to the Debtor, the form of consideration being offered, the likelihood of the bidder's ability to close a transaction and the timing thereof, the number, type

#6159988

and nature of any changes to the Form APA requested by each bidder, and the net benefit to the Debtor's estate. The bidder or bidders submitting such Successful Bid shall become the "Successful Bidder," and shall have such rights and responsibilities of the purchaser, as set forth in the applicable Modified APA;

xi.    The Debtor will determine in consultation with the Agent which Qualifying Bid, if any, is the next highest and/or best Qualifying Bid to the Successful Bid, and will designate such Qualifying Bid as a back-up bid ("Back-up Bid") to be consummated in the event the Successful Bid fails to consummate the contemplated sale transaction. There may be more than one Back-up Bid if aggregated Qualifying Bids are determined to be Back-up Bids. A Qualifying Bidder that submitted a Qualifying Bid that is designated as a Back-up Bid is a "Back-up Bidder." Each Back-up Bid shall remain open and binding until the Outside Back-up Date;

xii.    At the Sale Hearing, the Debtor shall present the Successful Bid and Back-up Bid to the Court for approval. The Debtor's presentation of the announced Successful Bid to the Court for approval does not constitute the Debtor's acceptance of such Successful Bid. The Debtor shall have accepted such Successful Bid only when approved by the Court;

xiii.    Within fifteen (15) calendar days after the entry of the Sale Order, each Successful Bidder and the Debtor (i) shall complete and execute all agreements, contracts, instruments and other documents evidencing and containing the terms and conditions upon which such Successful Bid was made, and (ii) shall close the sale transaction; and

xiv.    The Debtor in consultation with the Agent may adopt such other rules for the Auction (including rules that may depart from those set forth herein) that they anticipate will result in the highest or otherwise best value for the Debtor's estate and that are not inconsistent with any applicable Bankruptcy Court order, provided that any changed or additional rules of the Auction are not materially inconsistent with the Bidding Procedures and are communicated to all participants at or prior to the Auction.

11.    <u>Sale Hearing</u>

The Successful Bid will be subject to approval by the Bankruptcy Court. The Debtor requests that the hearing to approve the Successful Bid **(the "<u>Sale Hearing</u>") take place on June 18, 2020**, unless adjourned or continued by the Debtor, with the consent of the Agent, not to be unreasonably withheld. At such time, the Debtor will seek the entry of an order of the Bankruptcy

#6159988

Court approving and authorizing the Sale to the Successful Bidder on the terms and conditions of the Successful Bid. The Successful Bidder shall appear at the Sale Hearing and be prepared to testify in support of the Successful Bid and the Successful Bidder's ability to close in a timely manner and provide adequate assurance of its future performance under any and all contracts and leases to be assumed and/or assigned as part of the proposed Sale.

12.    Return of Deposits

Except as provided herein, all deposits shall be returned to each bidder not selected by the Debtor as a Successful Bidder no later than five (5) business days following the conclusion of the Auction, except for any Back-up Bidder (as defined above) whose deposit will be returned by no later than the third (3rd) business day after the earlier to occur of: (a) the closing of the sale transaction with the relevant Successful Bidder or (b) **July 3, 2020 (the "Outside Back-up Date")**.

13.    Failure to Consummate Purchase

The Back-up Bidder shall keep its bid open and irrevocable until the earlier of 5:00 p.m. (Prevailing Central Time) on the date which is (i) the Outside Back-up Date or (ii) the closing of the Sale transaction with the Successful Bidder. Following the Sale Hearing, if any Successful Bidder fails to consummate an approved Sale because of (a) the failure of a condition precedent beyond the control of either the Debtor or the Successful Bidder or (b) a breach or failure to perform on the part of such Successful Bidder, the Back-up Bidder will be deemed to be the new Successful Bidder, and the Debtor will be authorized to consummate the Sale with the Back-up Bidder without further order of the Bankruptcy Court. In the case of (b) above, the defaulting Successful Bidder's deposit shall be forfeited to the Debtor as the Debtor's sole remedy with respect to the defaulting Successful Bidder.

14.    Reservation of Rights; Deadline Extension

The Debtor reserves its rights, in the exercise of its fiduciary obligations and, with the consent of the Agent (not to be unreasonably withheld), to modify these Bidding Procedures or impose at, or prior to, the Auction, additional customary terms and conditions on the Sale of the Assets, including, without limitation, extending the deadlines set forth in the Auction procedures, modifying bidding increments, adjourning the Auction and/or adjourning the Sale Hearing in open court without further notice, withdrawing from the Auction the Assets at any time prior to or during the Auction or canceling the Auction in the Debtor's business judgment.

15.    Emergency Hearing

The Debtor and the Agent agree that in the event of any dispute regarding the Sale process outlined herein, (i) either party may seek an emergency hearing requesting that the Court resolve such dispute and (ii) the other party shall consent to such request for an emergency hearing.

16.    Sale As Is/Where Is

#6159988

The Assets sold pursuant to the Bidding Procedures shall be sold free and clear of all liens claims and encumbrances as permitted by section 363(f) of the Bankruptcy Code other than any assumed liabilities as set forth in the applicable APA and conveyed at closing in their then-present condition, "**AS IS, WHERE IS, WITH ALL FAULTS, AND WITHOUT ANY WARRANTY WHATSOEVER, EXPRESS OR IMPLIED**", except to the extent set forth in the definitive agreement for the Successful Bid, if applicable; *provided* that any such sale shall be subject to the rights of the Pre-Petition Lenders or the Post-Petition Lenders or other party in interest to object to the extent otherwise set forth herein.

#6159988

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | ) | **Chapter 11** |
| | ) | |
| **ECHO ENERGY PARTNERS I, LLC** | ) | **Case No. 20-31920** |
| | ) | |
| Debtor. | ) | |

## NOTICE OF PROPOSED SALE OF ASSETS, AUCTION AND SALE HEARING

PLEASE TAKE NOTICE that on April 6, 2020, the above-captioned debtor and debtor in possession (the "Debtor") filed with the Bankruptcy Court its Motion for (a) Entry of an Order (i) Approving Bidding Procedures, (ii) Scheduling Bidding Deadline, Auction Date and Sale Hearing Date, (iii) Approving Form and Notice Thereof; (b) Entry of an Order After the Sale Hearing (i) Authorizing the Debtor to Sell Its Assets, and (ii) Authorizing the Debtor to Assume and Assign Certain Executory Contracts and Unexpired Leases; and (c) Granting Related Relief (the "Sale Motion").[1]

PLEASE TAKE FURTHER NOTICE that, on [DATE], the Bankruptcy Court entered the order approving the Motion (the "Bidding Procedures Order"), which among other things, establishes bidding procedures (the "Bidding Procedures") that govern the manner in which certain assets of the Debtor are to be sold.

PLEASE TAKE FURTHER NOTICE that a copy of the Bidding Procedures Order is being served on you concurrently with this Sale Notice.

PLEASE TAKE FURTHER NOTICE that **Bids are due on June 11, 2020 at 4:00 p.m.** (Prevailing Central Time).

PLEASE TAKE FURTHER NOTICE that, in accordance with the terms of the Bidding Procedures Order, if the Debtor receives two or more Qualified Bids within the requirements and timeframe established in the Bidding Procedures Order, the Debtor may conduct an auction (the "Auction") starting at 10:00 a.m. (Prevailing Central Time) on June 15, 2020 (the "Auction Date"), at the law offices of Bracewell LLP, 711 Louisiana Street, Suite 2300, Houston, Texas 77002. Only parties that have submitted a Qualifying Bid by no later than 4:00 p.m. (Prevailing Central Time) June 11, 2020 (the "Bid Deadline") will be permitted to participate in and/or make any statements on the record at the Auction.  On or before June 16, 2020, the Debtor shall file a notice of the Successful Bidder and the Successful Bid with the Court.

---

[1] Unless otherwise defined herein, capitalized terms shall have the meanings ascribed to them in the Sale Motion.

PLEASE TAKE FURTHER NOTICE that at 1:30 p.m. (Prevailing Central Time) on June 18, 2020, or as soon thereafter as counsel may be heard (the "Sale Hearing"), the Debtor shall appear before the Bankruptcy Court and seek entry of an order:

a.   authorizing the sale of the Assets by the Debtor to the Successful Bidder at the Auction;

b.   authorizing the assumption and assignment of certain executory Contracts and unexpired Leases; and

c.   granting certain related relief.

PLEASE TAKE FURTHER NOTICE that objections, if any, to the sale of the Assets or the other relief requested in the Sale Motion must: (a) be set forth in writing describing the basis therefor; (b) comply with the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules; and be filed with the Bankruptcy Court electronically so as to be received no later than 4:00 p.m. (Prevailing Central Time) on June 11, 2020 (the "Sale Objection Deadline"). Objections, if any, to the Successful Bidder, the Successful Bid and the manner in which the Auction was conducted must be in writing describing the basis thereof, comply with Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules and be filed with the Bankruptcy Court electronically so as to be received no later than 4:00 p.m. (Prevailing Central Time) on June 17, 2020 (the "Auction Objection Deadline").

PLEASE TAKE FURTHER NOTICE that the failure of any person or entity to file an objection before the Sale Objection Deadline and/or Auction Objection Deadline, as applicable, shall be deemed a consent to the sale of the Assets to the Successful Bidder and the other relief requested in the Sale Motion, and be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Auction, the sale of the Assets free and clear of any liens, claims and encumbrances, the Debtor's consummation and performance of the applicable purchase and sale agreement with the Successful Bidder, and the assumption and assignment of the Assigned Contracts, if authorized by the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE that additional information regarding the Sale, including copies of the Sale Motion, the Proposed APA, the Bidding Procedures and the Bidding Procedures Order, is available by contacting:

Opportune LLP
711 Louisiana Street, Suite 3100
Houston, TX 77002
Attn: Jim Hansen
jimhansen@opportune.com
713-410-8756

PLEASE TAKE FURTHER NOTICE that this Sale Notice is subject to the full terms and conditions of the Sale Motion and the Bidding Procedures Order, which shall control in the event of any conflict, and the Debtor encourages the parties in interest to review such documents in their entirety.

Respectfully Submitted,

**BRACEWELL LLP**

By: _/s/  William A. (Trey) Wood III_
       William A. (Trey) Wood III
       Texas Bar No. 21916050
       Trey.Wood@bracewell.com
       Jason G. Cohen
       Texas Bar No. 24050435
       Jason.Cohen@bracewell.com
       711 Louisiana, Suite 2300
       Houston, Texas 77002
       Telephone: (713) 223-2300
       Facsimile: (713) 221-1212

**PROPOSED COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION**